ORIGINAL

FILED

03/07/2023

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 23-0031

IN THE SUPREME COURT OF THE STATE OF MONTANA

DA 23-0031

FILED

MAR 07 2023

Bowen Greenwood
Clerk of Supreme Court
State of Montana

IN THE MATTER OF THE ESTATE OF
IAN RAY ELLIOT,

Deceased.

ORDER

Appellee Joseph V. Womack has filed a Partial Motion to Dismiss Appeal. Womack is the Special Administrator of the Estate of Ada E. Elliott and the Liquidating Partner of Starfire, LP, both of which are related to the Estate of Ian Ray Elliot, at issue here. Appellee Andrew Billstein, the Special Administrator for the Estate at issue, and Appellee Cindy Elliot, an interested person to the Estate, join in Womack's motion. Appellants Jenny Jing, Alice Carpenter, and Mike Bolenbaugh (Appellants), pro se, have filed a joint objection to the motion.

The motion contends that one of two orders challenged by Appellants in this matter has been improperly appealed. On May 23, 2022, the Yellowstone County District Court, following two evidentiary hearings, entered an extensive order establishing supervised administration of the subject Estate, and appointing Billstein as Special Administrator. On July 11, 2022, Womack filed a notice of entry of judgment of the order. Appellants did not initially appeal from the order, but on October 20, 2022, citing Rules 60 and 42 of the Montana Rules of Civil Procedure, filed a motion requesting the District Court to 1) vacate the May 23, 2022 order, 2) approve an independent action to investigate fraud on the court, and 3) consolidate this case with other pending cases involving common questions of law and fact. Their motion was essentially based on three grounds: that Appellant Jing had made several testimonial and procedural mistakes during the evidentiary hearings that constituted excusable neglect; that Jing did not realize she could object to the court's taking of judicial notice; and that Womack and opposing counsel had perpetrated a fraud upon the court. On December 9, 2022, the District Court entered an extensive order addressing

Appellants' arguments and denying the motion.[1] On January 9, 2023, Appellants filed a notice of appeal stating they were appealing the orders entered by the District Court "on 5/23/2022" and the "9ᵗʰ day of DEC., 2022."

Womack argues that Appellants' Notice of Appeal was 166 days too late to appeal the May 23, 2022 Order, that Appellants' Rule 60 motion was not filed within the time for appeal, and thus, their attempt to now appeal that Order is untimely and should be dismissed. Womack concedes that Appellants' appeal of the District Court's Order of December 9, 2022, which denied their Rule 60(b) motion, has been properly perfected and can be pursued. In response, Appellants acknowledge their appeal of the May 23, 2022 Order was untimely, but request that this Court grant an out-of-time appeal of that Order due to extraordinary circumstances, which they primarily argue is the alleged fraud upon the court they continue to assert.

An order granting or refusing to grant letters of administration of an estate is considered a final order "and must be appealed immediately, and failure to do so will result in waiver of the right to appeal[.]" M. R. App. P. 6(4)(b). "[T]he notice of appeal shall be filed with the clerk of the supreme court within 30 days from the date of the judgment or order from which the appeal is taken." M. R. App. P. 4(5)(a)(i). Consequently, Appellants' attempt to appeal from the May 23, 2022 Order is untimely and, as provided by the Rules, their right to appeal that order was waived. Further, while Appellants believe their case involves the extraordinary circumstance of fraud, such alleged fraud has not been shown to be the reason they failed to file a timely appeal, and thus, we conclude they have not established a basis for an out-of-time appeal, which is reserved for the "infrequent harsh case." M. R. App. P. 4(6).

Therefore, the partial motion to dismiss is well taken. Appellants have timely appealed the District Court's Order of December 9, 2022, but appeal of the May 23, 2022 Order has been waived. Appellants are thus limited to arguing that the District Court's

---

[1] The District Court granted the motion's request to substitute an exhibit.

denial of their Rule 60 motion, which raised the issues explained above, was error under the standards applicable to Rule 60 motions. Arguments that go to the merits of the May 23, 2022 Order would be improper. Therefore,

IT IS ORDERED that the Partial Motion to Dismiss Appeal is GRANTED.

IT IS FURTHER ORDERED that the request for an out-of-time appeal is DENIED.

The Clerk is directed to provide this Order to all counsel of record and to all parties.

DATED this _____ day of March, 2023.

_____

_____

_____

_____

_____

Justices